IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN CURCIO,                )
                            )
        Plaintiff,           )
                            )
    v.                       )   Civil Action No. 12-1190
                            )
STEPHEN SCHWARTZ,            )
                            )
        Defendant.           )

MEMORANDUM & ORDER

Gary L. Lancaster,                                January 22, 2013
Chief Judge.

      This is a civil rights action under 42 U.S.C. § 1983. Plaintiff, John Curcio, alleges that defendant, Stephen Schwartz, maliciously prosecuted and falsely imprisoned him. Plaintiff's complaint contains four counts: a federal and state malicious prosecution claim and a federal and state false imprisonment claim. Plaintiff seeks compensatory and punitive damages as well as attorneys' fees and costs.

      Defendant filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's claims fail because the prosecution did not end in plaintiff's favor and there was probable cause to make an arrest

because, <u>inter alia</u>, plaintiff lied about having consumed alcohol. [doc. nos. 5, 6].

For the reasons set forth below, defendant's motion will be granted.

I.      <u>BACKGROUND</u>

Because defendant filed a Rule 12(b)(6) motion to dismiss, the court accepts the plaintiff's allegations as true for the purpose of deciding the motion.  Plaintiff alleges the following:

On August 20, 2011 at approximately 2:44 a.m., defendant Schwartz of the Belle Vernon Police Department stopped plaintiff's car.  During the stop, defendant stated that he smelled alcohol coming from plaintiff and asked plaintiff if he had been drinking.  Plaintiff replied that he had not been drinking because of his heart medication, but subsequently acknowledged consuming alcohol earlier in the day.  Defendant then conducted a field sobriety test.  Plaintiff alleges he passed the test, which defendant disputes.  Defendant arrested plaintiff and had plaintiff's vehicle towed.

Plaintiff was transported to Mon Valley Hospital where, at 3:30 a.m., his blood was drawn.  Subsequent testing of plaintiff's blood revealed a blood alcohol content of 0%.

On August 23, 2011 defendant submitted an affidavit of probable cause and filed a complaint against plaintiff, charging him with two counts of driving under the influence, improper signaling, and failure to obey traffic-control devices. On September 23, 2011, a preliminary hearing was held and one of the charges of driving under the influence was dismissed. The other charges were held for court. On January 30, 2011, the remaining charge of driving under the influence and the charge of improper signaling were nolle prossed. At the same time, plaintiff pled guilty to failure to obey traffic-control devices.

II.     STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a

claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Twombly, 550 U.S. at 555).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we must conduct a three-step inquiry. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, we must "'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. Second, we must identify the allegations that "are no more than conclusions [and] are not entitled to the assumption of truth." Id. Third, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. (internal quotation omitted).

We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the

4

end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n.8.

In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based on these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

III.   DISCUSSION

A. Malicious Prosecution Claims

Plaintiff cannot establish a claim under state or federal law for malicious prosecution.

To state a claim for malicious prosecution under Pennsylvania law, plaintiff must plead that (1) defendant initiated a criminal proceeding; (2) the criminal proceeding terminated in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice. Merkle v. Upper Dublin School Dist., 211 F.3d 782, 791 (3d Cir. 2000).

To state a claim for malicious prosecution under federal law, plaintiff must plead, in addition to the elements above, that (5) plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007).

In analyzing a claim for malicious prosecution, a district court may first reach the favorable termination element. Kossler v. Crisanti, 564 F.3d 181, 194 (3d Cir. 2009) (affirming dismissal of state and federal malicious prosecution claims). To satisfy the favorable termination element, the criminal case must have been disposed of in a way that indicates the innocence of the accused. Id. at 187. Where the criminal proceeding includes more than one charge, "the favorable termination element is not categorically satisfied whenever the plaintiff is acquitted of just one of several charges in the same proceeding." Id. at 188. The favorable termination of one of many charges does not establish the favorable termination of the criminal proceeding as a whole. Id. Rather, the judgment must indicate the plaintiff's innocence of the alleged misconduct underlying the offenses charged. Id.

Here, plaintiff was originally charged with four offenses. Although one charge was dismissed and two others were eventually nolle prossed, plaintiff pled guilty to the charge of

6

failure to obey traffic-control devices. Because plaintiff pled guilty to one of the charges, which stemmed from the underlying misconduct involving plaintiff's driving incident, the criminal proceeding cannot be said to have terminated favorably. Without meeting this requirement, plaintiff cannot state a claim for state or federal malicious prosecution. Therefore, both claims of malicious prosecution must be dismissed with prejudice.[1]

### B. False Imprisonment Claims

Plaintiff also cannot establish a claim under state or federal law for false imprisonment.

In Pennsylvania, the elements of false imprisonment are (1) the detention of another person and (2) the unlawfulness of such detention. Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994). An arrest is lawful if it is based upon probable cause. See id. Probable cause exists when "the facts and circumstances which are within the knowledge of the police officer at the time of the arrest . . . are sufficient to warrant a man of reasonable caution in the belief that the suspect committed or is committing a crime." Id. (citing Commonwealth v. Rodriguez, 585 A.2d 988, 990 (1991)).

---

[1] Further, the third element of malicious prosecution is a lack of probable cause. The court record reflects [doc. no. 6-1 at 2] and the parties state [doc. no. 1, ¶17, doc. no. 6 at 2] that a preliminary hearing was held and the charges were held for trial. Therefore, there can be no valid argument that all of the charges lacked probable cause. The existence of probable cause is further addressed in section B., infra.

Claims under 42 U.S.C. § 1983 for false imprisonment are based on the Fourteenth Amendment protection against deprivations of liberty without due process of law. Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). A false arrest claim that is based on an arrest made without probable cause is grounded in the Fourth Amendment's guarantee against unreasonable seizures. Id. An arrest based on probable cause does not give rise to a viable claim for false imprisonment. Id.

Although probable cause is typically a question of fact, a district court may conclude that probable cause exists as a matter of law if the evidence, viewed in the light most favorable to plaintiff, reasonably would not support a contrary factual finding. Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997) (citing Groman, 47 F.3d at 635). The fact that an individual is not convicted of a crime for which he was arrested is of no consequence in determining the validity of the arrest itself. See Baker v. McCollum, 443 U.S. 137, 145 (1979) (stating that "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released").

Here, probable cause exists even when the facts alleged are viewed in the light most favorable to plaintiff.

8

Plaintiff's complaint states that he was driving at 2:44 a.m. when he was stopped by defendant, who alleged smelling a moderate amount of alcohol coming from plaintiff. [doc. no. 1, ¶¶6-7]. By plaintiff's own admission, he initially lied about whether he had consumed any alcohol. Id. at ¶8. Plaintiff's complaint states that he submitted to a field sobriety test and that defendant believed he failed. Id. at ¶9.

Even assuming that plaintiff passed the field sobriety test, sufficient facts exist to warrant the officer's belief that plaintiff had committed the crime of driving under the influence. Surely, a police officer of reasonable caution would believe probable cause existed to arrest a motorist who was driving in the middle of the night, smelled like alcohol, and admitted to lying about consuming alcohol that day. Even though plaintiff was not ultimately convicted of driving under the influence, a valid arrest based on probable cause is not rendered illegitimate by the ultimate resolution of the case. See Baker v. McCollum, 443 U.S. 137, 145 (1979).

Because there was probable cause to arrest plaintiff, plaintiff cannot state a claim for state or federal false imprisonment. Therefore, both claims of false imprisonment must be dismissed with prejudice.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN CURCIO,                    )
                                )
        Plaintiff,              )
                                )
    v.                          )   Civil Action No. 12-1190
                                )
STEPHEN SCHWARTZ,               )
                                )
        Defendant.              )

ORDER

AND NOW this 22nd day of January, 2013, for the foregoing reasons, IT IS HEREBY ORDERED that the motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [doc. no. 5] is GRANTED. Both malicious prosecution claims and both false imprisonment claims are dismissed with prejudice.

BY THE COURT,

_____, C.J.